# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIA DAVIS,**

        **Plaintiff,**

**v.**                                                  **Case No:   6:14-cv-1743-Orl-22DAB**

**THE HEALTH INSURANCE STORE,**
**INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration of the status of the parties' settlement and disposition of this Fair Labor Standards Act overtime case as discussed at a Status Conference on February 18, 2016.

On September 22, 2015, Plaintiff Maria Davis and Opt-In Plaintiff Farah Farias filed a Notice of Settlement (Doc. 43) stating they had reached a settlement and they "will file a notice of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within three days of satisfaction by Defendant. The parties anticipate dismissing the case on or before October 19, 2015." Doc. 43.  Pending motions to compel and for summary judgment in the case were denied as moot the following day.   Doc. 44.

On November 12, 2015, because no dismissal had been filed, the Court ordered the parties to file a status of the settlement.   Doc. 45.   After several extensions, on January 21, 2016, Plaintiff's counsel filed a "Notice of Non-Compliance and Request for Hearing," stating that "Defendant has refused to comply with the Court's Order to file a joint status report".   Doc. 50. Noticeably Plaintiff's counsel did not include a Rule 3.01(g) conference in the motion.   Doc. 50.

On the same day, Defendant filed its own status report stating that it had in no way refused to comply with this Court's Order to submit a status report and explaining that Plaintiffs had received unconditional payments in excess of their maximum recovery in the action, thereby mooting their claims (as Defendant argued on summary judgment).   Plaintiffs had previously contested this assertion, and also claimed entitlement to recovery of attorney's fees and costs.   Doc. 51.

At the hearing, Plaintiff's counsel explained that his clients had already received "their money" and they had informed him they "would not be signing an agreement."   Defendant's counsel explained that his client had been investigated by the Department of Labor and paid the amount determined in the investigation to all but two employees – these Plaintiffs, who had been represented by counsel.   Defendant subsequently paid the overtime and liquidated damages that they sought[1] to the two Plaintiffs and then moved for summary judgment arguing the case was moot. *See* Doc. 34.   As part of the settlement reached in September 2015, Defendant had agreed to pay Plaintiffs $6,000 for a general release, which was the amount of fees[2] sought by Plaintiffs.   In the months since September, Plaintiffs have decided not to sign a general release.   Defendant argued the case should be dismissed because Plaintiffs have received the full amount of overtime and liquidated damages sought.   Plaintiffs' counsel would "leave the issue to the Court to decide."

It is **respectfully RECOMMENDED** that the District Judge **DISMISS with prejudice** Plaintiffs' FLSA overtime claims (Count I), find that all other matters are moot, and decline to reserve jurisdiction over fees and costs.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

---

[1] Defendant disputed the amount of hours asserted by Plaintiffs were correct put paid them for the hours as alleged.

[2] Plaintiffs' counsel argued he had incurred "costs" of $5,800, but did not specify what such "costs" comprised.

Recommended in Orlando, Florida on February 18, 2016.

_David A. Baker_
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy